# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **JEFFREY SCHMUTZLER,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 17-11578-LTS** |
| | ) | |
| **WARDEN JEFF GRONDOLSKY,** | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

October 2, 2017

**SOROKIN, D.J.**

Before the Court is petitioner Jeffrey Schmutzler's pro se petition for a writ of habeas

corpus under 28 U.S.C. § 2241.  Doc. No. 1.  In his petition, Schmutzler essentially asks this

Court to award him a sentencing reduction which the federal court that sentenced him denied in a

reasoned decision issued after consideration of the same arguments Schmutzler presses here.  For

the reasons stated below, the Court <u>DISMISSES</u> the petition for lack of jurisdiction.[1]

## I.    Background

On July 29, 2013, Schmutzler pleaded guilty in the United States District Court for the

Middle District of Pennsylvania to one count of knowingly receiving child pornography in

violation of 18 U.S.C. § 2252A(a)(2).[2]  <u>United States v. Schmutzler</u>, 602 F. App'x 871, 872 (3d

---

[1] The petition has not been served pending the Court's review thereof.  <u>See</u> 28 U.S.C. § 2243 (permitting the district court to forego service and a response if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]").

[2] At sentencing, the United States presented uncontested evidence that Schmutzler, a school teacher, "possessed 1,424 child pornography images in which he had photoshopped the faces of 136 current students." <u>United States v. Schmutzler</u>, 602 F. App'x 871, 872-73 (3d Cir. 2015). "The United States also presented evidence that Schmutzler possessed between two and four terabytes of child pornography, amounting to between four and eight million images." <u>Id.</u> at 873.

Cir. 2015); United States v. Schmutzler, No. 1:13-CR-65, 2015 WL 1912608, at *1 (M.D. Pa. Apr. 27, 2015).

Judge William W. Caldwell sentenced Schmutzler on July 24, 2014.  In calculating the range applicable under the United States Sentencing Guidelines ("USSG"), Judge Caldwell overruled Schmultzler's objection to a five-level enhancement to the offense level, which at the time applied in cases where "a defendant had engaged in distribution of child pornography for the receipt, or expectation of receipt, of a thing of value," including "in return for [other] child pornography." United States v. Schmutzler, No. 1:13-CR-65, 2017 WL 1406818, at *1 (M.D. Pa. Apr. 20, 2017) (quotation marks omitted).  Judge Caldwell's finding was based on Schmutzler's admission, reflected in an addendum to the PSR and not disputed by Schmutzler's counsel at sentencing, that "he ha[d] used file sharing programs . . . and did acquire videos of younger boys having sex and did share those files with others," and that his computer "was set to receive and send files he had on [it]." Id. (emphasis added).

The USSG range, with this enhancement, was 210 to 240 months. Id. Judge Caldwell, however, granted a substantial downward departure and sentenced Schmutzler to 108 months' incarceration.  Schmutzler's conviction and sentence were affirmed on direct appeal.  602 F. App'x at 872.  Schmutzler has lodged collateral attacks against his conviction and sentence in the Middle District of Pennsylvania under 28 U.S.C. § 2255, and in this District under 28 U.S.C. § 2241.  Each was unsuccessful. E.g., In re Schmutzler, 688 F. App'x 143, 143 (3d Cir. 2017) (denying writ of mandamus and noting previous denials of two applications to file "second or successive" § 2255 petitions); Schmutzler v. Grondolsky, No. 1:17-CV-10911, 2017 WL 2273147, at *1 (D. Mass. May 24, 2017) (denying third § 2241 petition); Schmutzler, 2015 WL 1912608, at *1 (denying first § 2255 petition).

On March 20, 2017, Schmutzler filed a motion before Judge Caldwell seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), asserting that Amendment 801 to the USSG applied retroactively and rendered sentencing enhancements for distribution of child pornography inapplicable to him.[3] Schmutzler, 2017 WL 1406818, at *1.

Judge Caldwell denied Schmutzler's motion on April 20, 2017, noting the Sentencing Commission had not provided that Amendment 801 should be given retroactive effect; as a result, Judge Caldwell concluded he could not reduce Schmutzler's sentence. Id.; see also Mem., United States v. Schmutzler, No. 1:13-CR-65, ECF No. 124 (M.D. Pa. May 10, 2017) (denying reconsideration). Schmutzler's appeal of Judge Caldwell's ruling on his motion for a sentence reduction is currently pending before the United States Court of Appeals for the Third Circuit.

In the instant habeas petition, Schmutzler attempts to invoke the "Savings Clause" of 28 U.S.C. § 2255(e) as a vehicle for presenting to this Court the same arguments regarding Amendment 801 that failed before Judge Caldwell. Schmutzler couches his argument here in terms of "actual innocence" of the enhancement conduct, attempting to bring his petition within the scope of the Savings Clause and to trigger this Court's jurisdiction under 28 U.S.C. § 2241. His efforts, though clever, fail.

## II.    Discussion

Generally speaking, a federal prisoner wishing to assert a collateral challenge to the validity of his sentence must do so by filing a petition pursuant to 28 U.S.C. § 2255 in the federal court that imposed his sentence. § 2255(a). Under 28 U.S.C. § 2241, in certain circumstances, this Court may entertain habeas petitions filed by individuals who were sentenced in other

---

[3] Amendment 801 was enacted, among other reasons, to clarify that mere use of "peer-to-peer" file-sharing software is an insufficient basis for applying the five-level distribution enhancement under U.S.S.G. § 2G2.2(b)(3)(B). See Schmutzler, 2017 WL 1406818, at *2.

federal courts, but who are serving federal sentences in facilities located within Massachusetts.

United States v. Barrett, 178 F.3d 34, 49-50 & n.10 (1st Cir. 1999). This is so where a petitioner

challenges the execution of his sentence, or where he demonstrates "that the remedy [available]

by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." § 2255(e).

The latter circumstance, known as the Savings Clause, applies "only on rare occasions." Barrett,

178 F.3d at 52 & n.13. Indeed, the First Circuit has described the Savings Clause as properly

invoked "only when, in a particular case, the configuration of section 2255 is such 'as to deny a

convicted defendant any opportunity for judicial rectification.'" Trenkler v. United States, 536

F.3d 85, 99 (1st Cir. 2008) (quoting In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998)

(emphasis in original)). This is not such a case.

     First, and determinatively, the only claim Schmutzler asserts in the present petition is that

he is entitled to resentencing based upon a post-sentencing amendment to the USSG. This Court

finds persuasive the reasoning of federal courts in a number of other jurisdictions which have

concluded that such claims may not be pursued via applications for habeas relief. Those courts

have explained that "challenges to an earlier-imposed sentence based on a subsequent change to

the Sentencing Guidelines . . . must be brought in the sentencing court under 18 U.S.C. §

3582(c)," which provides a "special remedy for [the] narrow class of collateral challenges"

arising from "amendments to the Sentencing Guidelines." Smith v. Fondren, No. 09-CV-764,

2009 WL 2171109, at *1, *3 (D. Minn. July 20, 2009); accord Thomas v. Hulick, No. 08-CV-

129, 2008 WL 4371300, at *3 (S.D. Ill. Sept. 19, 2008). Because a petitioner like Schmutzler is

"challeng[ing] the legal validity of the sentence imposed," and not "the enforcement or execution

of his sentence," and because § 3582(c) is available to him as a means of pursuing the type of

sentence reduction he seeks, Schmutzler's "challenge cannot be raised by way of a petition under

4

Section 2241." Smith, 2009 WL 2171109, at *4; accord Cloman v. O'Brien, No. 7:08-CV-329, 2008 WL 2345001, at *1 (W.D. Va. June 6, 2008); Anderson v. United States, No. 1:07-CV-942, 2008 WL 1836673, at *2 (E.D. Tex. Apr. 23, 2008).

Here, not only is § 3582(c) available to Schmutzler as an avenue for presenting his Amendment 801 claim, he already has pursued the claim before his sentencing court in the appropriate manner, by way of a § 3582(c) motion. Although Judge Caldwell denied the motion after reviewing the merits of Schmutzler's claim, an appeal of that ruling remains pending in the Third Circuit. The Savings Clause does not provide a vehicle for this Court to consider the claim (and essentially reconsider Judge Caldwell's ruling) where Schmutzler has been provided an "opportunity for judicial rectification," Trenkler, 536 F.3d at 99, even if that opportunity has not yielded the result Schmutzler desires, see Ono v. Pontesso, 162 F.3d 1169, 1998 WL 757068, at *1 (9th Cir. 1998) ("Although [petitioner] was unsuccessful in obtaining relief on the merits under section 3582, he cannot now pursue the same relief under section 2241." (citation omitted)). Accordingly, the federal habeas statutes do not empower this Court to grant the relief Schmutzler seeks.

Second, it bears noting that even if Schmutzler were able to pursue a sentence reduction here, and even if this Court were to accept his view that Amendment 801 applies retroactively and eliminates the relevant sentencing enhancements, nothing in the record suggests that Schmutzler is serving an unfair or excessive sentence in light of the conduct to which he has admitted. The generous downward departure Judge Caldwell awarded effectively eliminated the challenged enhancements. Indeed, Schmutzler's 108-month sentence falls squarely within the range that would have applied under the USSG, had his offense level been reduced as he proposes. Doc. No. 1 at 9; see Schmutzler, 2017 WL 1406818, at *2 n.1 (noting that if entirely

successful in his challenges, Schmutzler's offense level would have been 30, rather than 37, "with a resulting guideline range of 97 to 121 months").[4] Schmutzler has presented no information or argument that causes this Court to doubt the appropriateness of the sentence carefully and thoughtfully selected by Judge Caldwell, given the facts and circumstances of this case, nor does Judge Caldwell's analysis of Schmutzler's claims even remotely suggest that he would have been inclined to impose a lower sentence absent the relevant enhancements.

In sum, in order to trigger this Court's jurisdiction via the Savings Clause, Schmultzer bears the burden of showing that denial of habeas review in this case will result in a miscarriage of justice, or that the existing means of judicial review are "inadequate or ineffective." Trenkler, 536 F.3d at 99-100; accord Gonzalez v. United States, 150 F. Supp. 2d 236, 243-44 (D. Mass. 2001). He has shown neither. As a result, this Court may not entertain his request for a sentence reduction.

## III.    Conclusion

For the foregoing reasons, Schmutzler's petition (Doc. No. 1) is DISMISSED for lack of jurisdiction.[5] Schmutzler's motion seeking appointment of counsel (Doc. No. 7) is DENIED as moot.

**So Ordered.**

 /s/ Leo T. Sorokin
United States District Judge

---

[4] Schmutzler's suggestion that, if his legal arguments were accepted, he would be entitled to "the same 51% reduction of the low end of the [USSG] range," Doc. No. 1 at 9, incorrectly assumes that federal courts impose sentences pursuant to a strictly mechanical process, rather than after meaningful consideration of what sentence is appropriate for a particular defendant in light of the specific criminal conduct at issue.

[5] Because "reasonable jurists" could not "debate whether . . . the petition should have been resolved in a different manner," Slack v. McDaniel, 529 U.S. 473, 484 (2000), for the reasons explained fully above, no certificate of appealability shall issue.